**Electronically Filed
Supreme Court
SCAD-13-0000451
17-JUL-2013
07:55 AM**

SCAD-13-0000451

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

vs.

DIANA R. DANMEYER, Respondent.

---

ORIGINAL PROCEEDING
(ODC 11-060-8984)

ORDER IMPOSING A PUBLIC CENSURE
(By: Recktenwald, C.J., Nakayama, Acoba, McKenna, and Pollack, JJ.)

Upon consideration of the April 26, 2013 Report and Recommendation of the Disciplinary Board of the Supreme Court of the State of Hawaiʻi, and the record, it appears Respondent Diana R. Danmeyer and the Office of Disciplinary Counsel (ODC) have voluntarily stipulated to facts, conclusions of law, and recommended discipline in ODC Case No. 11-060-8984, which the Disciplinary Board has endorsed and submitted to this court. This court is not bound by the stipulations of the parties or the recommendation of the Board but reviews the matter *de novo* and may impose discipline based upon the factual admissions set forth in parties' stipulations. *See Office of Disciplinary Counsel v. Au*, 107 Hawaiʻi 327, 336, 113 P.3d 203, 212 (2005); Rule 2.7(e) of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH).

Based upon a review of the stipulated facts, this court concludes, by clear and convincing evidence, that Respondent Danmeyer, by failing to perform basic legal research and failing to inquire with the relevant government authorities regarding the veracity of the "redemption theory" of finance, failed to demonstrate the requisite legal knowledge, skill, thoroughness, and preparation reasonably necessary to fulfill her professional obligations to the trial court, in violation of Rule 1.1 of the Hawaiʻi Rules of Professional Conduct (HRPC), with every oral and written assertion of the discredited "redemption theory" of finance submitted to the court a separation violation of HRPC Rule 1.1, and further that Respondent Danmeyer, by asserting the veracity of the "redemption theory" of finance, without having performed the requisite research or preparation to determine its veracity, asserted arguments to the trial court that were baseless and frivolous, in violation of HRPC Rule 3.1, every oral and written submission in support of the veracity of "redemption theory," and its purported ability to lawfully discharge debt, a separation violation of HRPC Rule 3.1. Such conduct warrants a period of suspension, in the absence of mitigating factors. *See, e.g., ODC v. Ng*, SCAD-12-0000414 (March 1, 2013); *ODC v. Shea*, SCAD-11-0000777 (May 1, 2012). The court further concludes, in aggravation, Danmeyer's conduct evinced a pattern of misconduct and represents multiple violations of the HRPC, but, in mitigation, notes Danmeyer's full and free disclosure to the disciplinary authorities, her cooperative attitude, the sincere expressions of remorse Danmeyer has made in regards to the

2

matter, and the absence of any prior disciplinary record. Therefore,

IT IS HEREBY ORDERED that Respondent Diana R. Danmeyer is publicly censured, pursuant to RSCH Rule 2.3(a)(3).

IT IS FURTHER ORDERED that, pursuant to RSCH Rule 2.3(d), Respondent Danmeyer shall complete, within 180 days from the date of entry of this order, at her own expense, a course on effective legal research offered by the Practicing Attorneys Liability Management Society or an equivalent, accredited course and shall submit proof of completion to this court within 190 days from the date of entry of this order or good cause for an extension. Failure to timely complete the required course or to timely submit proof of completion may result in further sanctions, including a period of suspension.

IT IS FINALLY ORDERED that, pursuant to RSCH Rule 2.3(c), Respondent Danmeyer shall bear the costs of these proceedings, upon the timely submission of a verified bill of costs by ODC.

DATED: Honolulu, Hawaiʻi, July 17, 2013.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack



3